IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * |
| DARRICK GREER, | *   CRIM. NO. JKB-22-0378 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Darrick Greer's *pro se* Motion for Compassionate Release. (ECF No. 32.) The Motion will be denied.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted). Extraordinary and compelling reasons may exist in the face of the "death or incapacitation of the caregiver of the defendant's minor child[.]" USSG § 1B1.13(b)(3).

In his Motion, Greer explains that he should be granted compassionate release "due to [him] not having anyone to take care of [his] daughter[.]" (ECF No. 32 at 1.) The Court therefore directed the Government to submit an affidavit from a qualified witness regarding the status of Greer's daughter. (ECF No. 34.) The Government responded, providing a Declaration pursuant

1

to 28 U.S.C. § 1746 prepared by a United States Secret Service Special Agent. (ECF No. 35.) In the Declaration, the Special Agent explains that a Child Protective Services ("CPS") investigation relating to Greer's daughter concluded in June 2023 and that an abuse allegation was declared unsubstantiated. (ECF No. 35-1.) The Special Agent also explains that there is no ongoing CPS investigation, and that Greer's daughter is in her mother's custody. (*Id.*) Given that Greer's daughter is in the custody of her mother, the Court concludes that Greer has failed to establish an extraordinary and compelling reason for his release on the basis of his family circumstances.

Moreover, Greer does not address the § 3553(a) factors in his Motion. (*See generally* ECF No. 32.) The Court continues to find that his 24-month sentence is the sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a)(2).

Accordingly, it is ORDERED that:

1. Greer's Motion (ECF No. 32) is DENIED; and
2. The Clerk is DIRECTED to mail a copy of this Order to Greer.

DATED this __1__ day of May, 2024

BY THE COURT:

_____
James K. Bredar
United States District Judge